# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**MICHAEL ALDRIDGE**

    **Plaintiff**

        **-versus-**

**EXXONMOBIL,**
**GLENN RICHARD, and**
**DOES 1 THROUGH DOES 20**

    **Defendants**

**CIVIL ACTION**

**CASE NO.:** _____

**DIVISION:** _____

**MAGISTRATE:** _____

**PETITION FOR DAMAGES, and**
**JURY DAMAND**

## PETITION FOR DAMAGES and JURY DEMAND

    **NOW INTO COURT,** through the undersigned counsel, comes Plaintiff, MICHAEL ALDRIDGE, and upon suggesting to this honorable court that Plaintiff wishes to bring a Complaint, Petition for Damages and Jury Demand against the named Defendants, and various of their unknown co-conspirators involved in a scheme to deprive Plaintiff of his federally protected and state protected constitutional rights and that have caused harm to Plaintiff, respectfully avers as follows:

### JURISDICTION

1. This Court has personal jurisdiction over the Defendants because the Defendants are domiciled in the District, have transacted business in this District, and/or because the Defendants have committed acts proscribed by the law in this District.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises under the laws of the United States as a Federal Question.

3. Pursuant to 28 U.S.C. § 1367 and 31 U.S.C. § 3732(b), this Court has supplemental jurisdiction over the subject matter of the state claims asserted by the Plaintiffs in this action because those claims are so related to the claims asserted by Plaintiffs under federal law that they form part of the same case or controversy, and because those claims arise out of the same transactions or occurrences as the federal question claims.

4. Jurisdiction of this Court is appropriate based upon federal question pursuant to 28 U.S.C. Sections 1331.

5. Original Jurisdiction of this matter is conferred upon the Court by 28 U.S.C. Section 1331. Supplemental jurisdiction over State law claims is conferred upon this Court by 28 U.S.C. Section 1367.

6. District Court's Jurisdiction The district court had subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which grants the district courts "original jurisdiction of all civil actions arising under the . . . laws . . . of the United States." Plaintiff's suit against the defendants was based upon 42 U.S.C.A. § 1983.

7. United States law requires that those who deprive any person of rights and privileges protected by the Constitution of the United States provided by state law be liable in action at law, suit in equity, or other appropriate measure. 42 U.S.C.A. §1983.

8. In the instant matter, Plaintiff, Michael Aldridge ("Aldridge"), is a United States citizen and resident of New Orleans, Louisiana.

9. Plaintiff Aldridge is entitled to relief sustained as a result of the actions and ommssions of Defendants including attorneys' fees, costs, expenses and psychological and

emotional distress experienced as a result of his wrongful termination and the long-endured retaliatory and discriminatory action as well as libel and slander and others damages at the hands of ExxonMobil and various unnamed co-conspirators (DOES 1 through DOES 20).

10. Federal jurisdiction over pendant state claims is governed by 28 U.S.C. § 1367, which states: "[I]n any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action ... that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

11. Venue is proper within this jurisdiction pursuant to 28 U. S. C. Section 1391(b) because the claims stated herein, and the unlawful practices complained of herein occurred within the Eastern District of Louisiana.

12. Plaintiff is informed and believe, and based thereon allege, that at all relevant times, the Defendants engaged in certain wrongful acts alleged below in the Eastern District of Louisiana and engaged in other unlawful acts outside this District which caused injury to Plaintiff in this District.

13. Further, on information and belief, all of the named defendants live within the Eastern District of Louisiana. Accordingly, venue properly lies in this District.

## THE PARTIES

14. Made Plaintiff herein (hereinafter also collectively referred to as "Plaintiff") is MICHAEL ALDRIDGE (hereinafter also referred to "Aldridge"), a natural person of the full age of majority, and having his principal place of residence in Orleans Parish,

State of Louisiana. On information and belief, Aldridge was and is a citizen of the United States and the State of Louisiana at all times relevant.

15. Made Defendants herein (hereinafter also collectively referred to as "Defendants") are the following:

a. EXXONMOBIL (hereinafter also referred to as "ExxonMobil"), on information and belief a domestic corporation licensed to do business and doing business in this District and at all relevant times the employer of Glenn Richard and DOES 1 through DOES 20. As a result, ExxonMobil may be responsible for the actions of all the individual defendants, including Glenn Richard and DOES 1 through DOES 20 under the *respondeat superior* doctrine.

b. GLENN RICHARD (hereinafter also referred to "Richard"), on information and belief, a person of the full age of majority and a resident of the State of Louisiana, and a resident in the Eastern District of Louisiana. On belief and information, Glenn Richard is a citizen of the United States and of the State of Louisiana. At all relevant times, Glenn Richard was an employee, manager, officer and/or director of Defendant ExxonMobil.

c. DOES 1 THROUGH DOES 20. The true names or capacities, whether individual, corporate, associate or otherwise, of the Defendants named herein as DOES 1 through DOES 20 are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names, and Plaintiff will amend this complaint to show their true names and capacities when the same have been ascertained.

d. ABC INSURANCE COMPANY, on information and belief, a Domestic or foreign insurance company licensed to do business and doing business in this

district, in the State of Louisiana, and contracted to provide insurance coverage to Defendant ExxonMobil and its employees, and agents, including the individual Defendants (in their capacity as an employee, and/or agent of ExxonMobil), on information and belief, and at all relevant times provided coverage to cover the damages caused by Defendants in the instant matter, including but not limited to the damages caused by the Defendants to Plaintiff.

e.  DEF INSURANCE COMPANY, on information and belief, a Domestic or foreign insurance company licensed to do business and doing business in this district, in the State of Louisiana, and contracted to provide insurance coverage to Defendant Glenn Richard and his employees, and agents, including the unnamed individual Defendants DOES 1 through DOES 20 (in their capacity as an employee, and/or agent of Glenn Richard), on information and belief, and at all relevant times provided coverage to cover the damages caused by Defendants in the instant matter, including but not limited to the damages caused by the Defendants to Plaintiff.

f.  XYZ INSURANCE COMPANY, on information and belief, a Domestic or foreign insurance company licensed to do business and doing business in this District, State of Louisiana, and contracted to provide insurance coverage to Defendant DOES 1 through DOES 20 and their officers, directors, employees, and agents, including the individual Defendants (in their capacity as an employee, and/or agent of DOES 1 through DOES 20), on information and belief, and at all relevant times provided coverage to cover the damages caused

by Defendants in the instant matter, including but not limited to the damages caused by the Defendants to Plaintiff.

## GENERAL ALLEGATIONS

16. On belief and information, at all times relevant Defendant **EXXONMOBIL** was a domestic or foreign for-profit corporation authorized to do and doing business in the State of Louisiana.

17. On belief and information, at all times relevant Defendant Glenn Richard was and is an employee, manager, officer, and/or director of Defendant Exxon Mobil.

18. On belief and information each of the Defendants named as DOES 1 through DOES 20 was an employee, manager, officer, director and/or associate of defendant ExxonMobil at all times relevant.

19. On belief and information, Richard and Defendants DOES 1 THROUGH DOES 20 engaged in unlawful behavior, including but not limited to, making false private and public accusations that Plaintiff Aldridge was incompetent, habitually created unsafe work conditions, and was not a good employee.

20. Defendants other disparaging remarks about Aldridge that discouraged by employment by others.

21. At all relevant times, ExxonMobil, Glenn Richard and DOES 1 THROUGH DOES 20, conspired with each other to blackball and block Aldridge from getting other employment in the chemical industry.

22. On information and belief, Defendants ExxonMobil was the employer of Glenn Richard and DOES 1 THROUGH DOES 20 at all relevant times. As a result, ExxonMobil is liable to Plaintiff under the law, including but not limited to Louisiana

Civil Code Article 2315, under a theory of *respondeat superior* for the tortious actions of Glenn Richard and DOES 1 THROUGH DOES 20 made in the course and scope of their employment with ExxonMobil.

23. This action arises under the provisions of the Civil Rights Act of 1964 §§ 703, 704, 42 U.S.C.A. §§ 2000e-2(a)(1), 2000e-3(a), the Louisiana Human Rights Act, La. R.S. 51:2231, et seq., and the Louisiana Employment Discrimination Law, La. R.S. 23:301et seq.

24. The Defendant are indebted unto the Plaintiff for all damages and all other relief allowable under federal law for violation of the provisions of the Civil Rights Act of 1964 §§ 703, 704, 42 U.S.C.A. §§ 2000e-2(a)(1), 2000e-3(a) and other federal law as well be established at trial.

25. Additionally, the Defendants also are indebted unto the Plaintiff for all damages and all other relief allowable under state law including La. R.S. 23:302 *et. seq*. and other state law due to wrongful termination, discrimination based upon race, and retaliation for the following reasons outlined hereinbelow.

26. Sometime in 2018, Defendant, Exxon Mobil, terminated Plaintiff's employment in violation of Louisiana and federal laws.

27. The Plaintiff, an African American man, faced significant challenges in securing another position in the chemical industry following his termination not only because of his wrongful termination but also because of the actions of Defendants after his termination.

28. On information and belief, whenever Defendants where contacted to verify Plaintiff's employment with ExxonMobil, Defendants would go beyond the scope of routine

employment verification and provided information, true on true, that would scuttle Plaintiff's chance at securing the employment in question.

29. While actively seeking a role aligned with his qualifications, Aldridge took temporary work at a smaller plant but remained eager to advance his career. As a result, Aldridge incessantly and actively pursued employment opportunities in his filed

30. Throughout his job search, the Plaintiff observed a recurring pattern: whenever he applied to larger companies, he promptly received a generic rejection email or letter without any clear explanation of the reason for the rejection of his candidacy.

31. This persistent rejection responses that Aldridge received raised concerns about his prospects in the industry and added to the challenges he faced in finding a suitable position after his termination by ExxonMobil.

32. After years of setbacks, a close friend suggested that the Plaintiff apply using an email address unassociated with ExxonMobil. To the Plaintiff's surprise, this small change (the removal of his association with ExxonMobil) made a significant difference.

33. Once he started omitting the association with ExxonMobil, Plaintiff began to receive invitations to progress to the second stage of the hiring process, instead of a balanket rejection of his application. The second stage of the hiring process included tests and interviews.

34. However, despite consistently performing to the best of his abilities in these more advanced interviews and employment assessment, Plaintiff Aldridge ultimately would be rejected from employment each time.

35. On or about February 19th, 2024, Plaintiff interviewed with Dow Chemical Company, which uses a third-party firm for reference verification. Through this system, the

Plaintiff learned that ExxonMobil had described him as "unsafe" and "a hazard to the environment." This characterization of Plaintiff by ExxonMobil effectively blocked him from the Dow Chwemical Company job opportunity.

36. On information and belief like staements and rerprsentation by Defendants is the only possible explanation for Plaintiff's ainablity to progress with in seeking permanent employment opportunities.

37. Dow Chemical Company informed the Plaintiff that a false reference (on belief and information the persistent negative reference from ExxonMobiland Glenn Richard), provided through the third-party verification service, was the deciding factor in their decision not to hire him, despite his strong interview performance and test results.

38. Plaintiff believes that this reference system may have had a broader impact on his job search within the chemical industry, potentially contributing to the persistent challenges he faced in securing employment at larger companies.

39. As a result of the defamatory rumors spread by ExxonMobil and/or the other defendants in this matter, Plaintiff is entitled to, and should be awarded, lost wages, back pay, and full benefits that would have been accrued but for the false information conveyed to potential employers.

40. Defendant's actions or conduct should warrant reasonable sanctions against it for violating Plaintiff's rights.

41. Plaintiff shows that he timely filed a charge of retaliation and discrimination with the Equal Employment Opportunity Act and received a right to sue notice thereunder.

42. Plaintiff, Michael Aldridge, will show that the said injuries were caused by the conduct of the Defendant, ExxonMobil, in the following non-exclusive respects:

    a.  Failure to exercise necessary caution and due care;
    b.  Failure to act as a prudent and reasonable employer;
    c.  Failure, generally, to exercise the degree of care commensurate with the factual situation herein described;
    d.  Discrimination against an employee;
    e.  Retaliation against an employee;
    f.  Violation of employee's civil liberties;
    g.  Deprivation of vested property rights;
    h.  Injury to Reputation;
    i.  Mental Anguish;
    j.  Humiliation and Embarrassment;
    k.  Hostile Environment;
    l.  Past, Present, and Future Loss of Wages; and
    m.  Defamation

43. The aforesaid Defendants, and each of them, are truly indebted unto Plaintiff, for such damages as are reasonable in the premises, together with legal interest thereon from date of judicial demand until paid, for all costs of this proceeding, and for all general damages and equitable relief in this matter:

44. Plaintiff, Michael Aldridge, itemizes his damages as follows:

    a.    Past, present, and future mental anguish and emotional trauma;
    b.    Past, present, and future emotional distress;
    c.    Past, present, and future pain and suffering;
    d.    Past, present, and future loss of pursuit of happiness;
    e.    Past, present, and future loss of enjoyment of life;
    f.    Reinstatement of employment and employment rights, privileges, back pay, and future pay;
    g.    Entitlement to and receipt of damages due to discrimination and retaliation under the circumstances; and
    h.    Any and all other damages itemized at the trial of this matter and provided by law.

45. At all times relevant, Plaintiff avails himself of the benefits of Louisiana Code of Civil Procedure, Article 5181, et seq.

**FIRST CLAIM FOR RELIEF**
(Against ExxonMobil for Employment Discrimination)
**EMPLOYMENT DISCRIMINATION**

46. The allegations of paragraphs 1 through 45 are incorporated herein by reference.

47. At all times relevant, Defendant ExxonMobil was and is a corporation subject to United States Employment Discrimination laws, including the Civil Rights Act of 1964 §§ 703, 704, 42 U.S.C.A. §§ 2000e-2(a)(1), 2000e-3(a), the Louisiana Human Rights Act, La. R.S. 51:2231, et seq., and the Louisiana Employment Discrimination Law, La. R.S. 23:301et seq.

48. Defendant ExxonMobil through its employees, officers, directors and other agents, including Glenn Richard and DOES 1 THROUGHT DOES 20, violated various provision of the Civil Rights Act of 1964 §§ 703, 704, 42 U.S.C.A. §§ 2000e-2(a)(1), 2000e-3(a), the Louisiana Human Rights Act, La. R.S. 51:2231, et seq., and the Louisiana Employment Discrimination Law, La. R.S. 23:301et seq.

49. The discriminatory conduct that Plaintiff Aldridge complains of include the following:

    a. wrongfully termination Plaintiff's employment with ExxonMobil,
    b. failing to promote Plaintiff,
    c. unequal terms and conditions of employment, and
    d. retaliation.

50. Specifically, ExxonMobil, Glenn Richard and DOES 1 THROUGHT 20 treated Plaintiff unequally during his employment with ExxonMobil, failed to promote him appropriately and eventually terminated him without good cause.

51. After his termination, Aldridge filed an EEOC complaint and has since been given a right to sue letter.

52. In part because of the EEOC complaint that Aldridge had filed as well as other acts of standing up for himself while employed at ExxonMobile, Defendants have labeled him a troublemakes, an "unsafe" employee and have communicated various disparaging statements and information about Plaintiff to others including prospective employers.

53. The acts of Defendants described herein above constitute Employment discrimination.

54. The acts of Defendants have cause Plaintiff Aldridge damages, which the Defendant should be held responsible for.

55. As a direct and proximate result of Defendants' action, Plaintiff has suffered and will suffer substantial monetary damage in a sum not presently susceptible to precise calculation.

56. Plaintiff is informed and believes and, on that ground, alleges that Plaintiff has suffered monetary damages in a sum that may very well exceed $1 million, all of which should be recovered from Defendants.

**SECOND CLAIM FOR RELIEF**
(Against ExxonMobil for Breach of Contract)
**BREACH OF CONTRACT CLAIM**

57. The allegations of paragraphs 1 through 56 are incorporated herein by reference.

58. Plaintiff Aldridge entered into an employment an agreement ExxonMobil by virtue of his hiring by the company.

59. Implied in the Agreement is that each party would use their best efforts to negotiate in good faith and reach reasonable agreement on all issues that come up between the parties.

60. Prior to expiration of the agreement, ExxonMobil repudiated and breached its contract with Plaintiff by terminating Plaintiff without good cause.

61. Plaintiff pleaded with Defendant ExxonMobil and asked it to reconsider ExxonMobil's decision.

62. Plaintiff reminded ExxonMobil of ExxonMobil's contractual obligations and of the fact ExxonMobil was under a binding and legally enforceable contract with Plaintiff, all to no avail.

63. ExxonMobil proceeded to reject all proposals offered by Plaintiff for resolution of the matter while not making any efforts on ExxonMobil's part to come up with viable alternatives for resolution of the matter, another substantial breach.

64. In fact, the only resolution acceptable to ExxonMobil, as communicated several times to the Plaintiff, was termination of his employment.

65. Defendant and its agent acted as if Plaintiff could do nothing about ExxonMobil's breach of contract and continued to act with impunity.

66. This impunity caused ExxonMobil and its surrogates to continue to malign Plaintiff even after his employment with ExxonMobil.

67. As a result of ExxonMobil's breach, Plaintiff is entitled to damages, including not only the actual out-of-pocket money expended by Plaintiff but also all consequential damages incurred because of the consequence of ExxonMobil's actions. ExxonMobil is also responsible for other damages for ExxonMobil's breach of the Contract, a sum that is currently unascertainable but on belief and information is in excess of $1,000,000.00.

68. Plaintiff has done everything required of him by the Agreement and is in no manner or respect in breach thereof.

69. Despite repeated demand by Plaintiff, ExxonMobil has refused to fulfill ExxonMobil's contractual obligations to Plaintiff.

70. ExxonMobil did this knowing fully well that ExxonMobil's failure to act in good faith and to honor his agreement would be a bad faith breach of contract.

71. Further, ExxonMobil unilaterally and unexpected terminated the Agreement and refused all negotiations efforts without any considwration for Plaintiff's protected rights.

72. Plaintiff used up a considerable amount of their time and resources to pursue resolution of the Contract issues.

73. Plaintiff have incurred expenses pursuant to the Contract and the opportunity it purported offered him, which damages Defendants should be responsible for.

74. As a direct and proximate result of ExxonMobil's breach and repudiation of the Agreement, Plaintiff have suffered and will suffer substantial monetary damage in a sum not presently susceptible to precise calculation.

75. Plaintiff is entitled to monetary damages, compensatory and other damages caused by ExxonMobil's actions.

76. Plaintiff have suffered monetary damages in a sum that may very well exceed $1 million, all of which should be recovered in the event specific performance is not granted.

**THIRD CLAIM FOR RELIEF**
(Against ExxonMobil and Richard for Breach of Duty)
**BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

77. Aldridge adopts, alleges and affirms all allegations and averments contained in the above and foregoing paragraphs of this Complaint.

78. ExxonMobil owed and owes a duty of good faith and fair dealing to Aldridge pursuant to its contractual and business relationship with Aldridge.

79. The duty of good faith and fair dealing is implied in every contract, including the employment relationship that Aldridge had with ExxonMobil.

80. The duty of good faith and fair dealing is also required by Louisiana law including, but not limited to, the Louisiana Civil Code.

81. ExxonMobil breached his duty of loyalty and duty of good faith and duty of fair dealing as described above.

82. Defendant Richard also owed and owes a duty of good faith and fair dealing to Aldridge by vistue of his postion as supervisor and a manager of Exxonmobile.

83. The duty of good faith and fair dealing is implied in the employment relationship that Aldridge had with ExxonMobil and Richard.

84. Richard breached his duty of loyalty and duty of good faith and duty of fair dealing as described above by his participating in the emplyments discrimination against Alrdige, causing Alrsidge to be wrongfully terminated and also by giving Aldridge bad references.

85. As a result of the conduct of Defendant ExxonMobil and Richard in breaching their duties of good gaith and fair dealing, Plaintiff Aldridge has suffered and continues to suffer general, special, actual and compensatory damages, in an amount to be proven at trial for all of which ExxonMobil is liable.

**FOURTH CLAIM FOR RELIEF**
(Against all defendants Libel and Slander)
**LIBEL AND SLANDER**

86. Plaintiff realleges and incorporates by reference Paragraphs 1 through 85, inclusive, as though set forth at length and Plaintiff specifically hereby incorporates by reference all of the paragraphs of the General Allegations as though fully set forth herein.

87. Plaintiff is informed and believes, and thereon alleges that during and at all times relevant herein, Defendants ExxonMobil, Glenn Richard, and DOES 1 through DOES

20, and each of them, uttered and published false and defamatory statements concerning Plaintiff, which were reasonably understood by those who were hearing same as referring to Plaintiff.

88. Among other things, ExxonMobil, Glenn Richard and DOES 1 through DOES 20, and other associates and agents of Defendants, falsely represented that Plaintiff was not a good employee who was not worthy of hire in the Chemical industry.

89. On belief and information, Defendants also represent that Plaintiff was rightfully and deservedly fired from his employment at ExxonMobil.

90. Defendants falsely represented Aldridge could not be trusted as an employee.

91. Among the many defamatory statement made by ExxonMobil, Glenn Richard and DOES 1 through DOES 20, and other associates and agents of ExxonMobil, include but are not limited to the following:

    a.    Aldridge is not a good employee.
    b.    Aldridge is not worthy of trust.
    c.    Aldridge was rightfully terminated for good cause.
    d.    Aldridge's statements about his termination were "lies."
    e.    Aldridge has no good claim to against the ExxonMobil.

92. Defendants also made other defamatory remarks that will more full be proven at trial of this matter.

93. The above statements were made by ExxonMobil, Glenn Richard and DOES 1 through DOES 20, and other associates and agents of Defendant ExxonMobil via email Dow Chemical Company and others as well.

94. Plaintiff is informed and believes, and thereon alleges that the above and similarly false and defamatory statements were made by ExxonMobil, Glenn Richard and DOES 1 through DOES 20, and other associates and agents of Defendants to people that they

knew Plaintiff to have dealings as well as prospective employers of Adridge in employment vefircation letters and forms or other writing.

95. Plaintiff is informed and believes, and thereon alleges that the above and similarly false and defamatory statements were made by the Defendants ExxonMobil, Glenn Richard and DOES 1 through DOES 20 verbally.

96. Plaintiff is informed and believes, and thereon alleges that the above and similarly false and defamatory statements were made by the Defendants ExxonMobil, Glenn Richard and DOES 1 through DOES 20 to any potential employer of Plaintiff who requested employment verification or who had Defendants' audience and whenever Aldridge's name was brought up.

97. Plaintiff is informed and believes, and thereon alleges that the above and similarly false and defamatory statements were made by the Defendants ExxonMobil, Glenn Richard and DOES 1 through DOES 20 with the intent of conveying the false and defamatory idea that Plaintiff was lying about his employment tenure with ExxonMobil as well as the cause of his termination.

98. Further, the false and defamatory statements were made by the Defendants ExxonMobil, Glenn Richard and DOES 1 through DOES 20 with the intent of conveying the false and defamatory idea that Plaintiff was lying when he stated that he had a valid contract with ExxonMobil and was well within his rights when he filed his EEOC claim.

99. Further, the false and defamatory statements were made by the Defendants ExxonMobil, Glenn Richard and DOES 1 through DOES 20 with the intent of

conveying the false and defamatory idea that Plaintiff was lying when he stated that he was not terminated for good cause.

100.    Defendants ExxonMobil, Glenn Richard and DOES 1 through DOES 20 feigned surprise at Aldridge's filing of his complaint with the EEOC.

101.    The words that were uttered by Defendants ExxonMobil, Glenn Richard and DOES 1 through DOES 20 were slanderous *per se* because they made various false statements regarding Plaintiff's reputation, and by innuendo by impliedly accused Plaintiff of lying, of illegally and improperly filing an EEOC Complaint, and/or of otherwise illegally perpetuating a fraud on ExxonMobil.

102.    On belief and information, the Libel and Slander Defendants have had and continue to have conversations with others and are continuously engaged in their defamatory scheme in part as an extension of a smear campaign initiated by the Defendants.

103.    The words were understood by Defendants to those who heard them in a way which defamed Plaintiff Aldridge because the words were intended to slander Plaintiff's reputation in an attempt to make public to believe that Plaintiff was not only lying about the Contract but also was engaged in unsafe, incompetent and other improper employment acts by his actions.

104.    As a direct proximate result of the above-described words, Plaintiff has suffered the special damages.  Specifically, Plaintiff has suffered loss of his reputation, shame, mortification, emotional distress, and injury to his feelings, while suffering and continuing to suffer general and special damages as set forth herein.

105.    As a direct proximate result of the above-described words, Plaintiff Aldridge has

suffered the other damages, including general damages, which will all be identified at

trial as set forth herein.

106.    The words described above were spoken by Libel and Slander Defendants because

of their selfish ends, and on belief because of their feelings of hatred and ill will toward

the Plaintiff, as well as a desire to oppress and silence Plaintiff, and thus entitling

Plaintiff to an award of exemplary and punitive damages in an amount according to

law.

107.    As a result of their actions and defamation of Plaintiff, Defendants have caused

Plaintiff to suffer substantial damages as set forth herein.

108.    As a result of the conduct alleged herein, Plaintiff has suffered damages in an

amount to be proven at trial but on information and belief well over One Million Dollars

($1,000,000.00), for which defendants are liable, jointly and/or severally.

**FIFTH CLAIM FOR RELIEF**
(Against Glenn Richard and DOES 1 through DOES 20)
**<u>INDUCING BREACH OF CONTRACT</u>**

109.    Plaintiff realleges and incorporates the breach of contract allegations, Paragraphs 1

through 45, as though set forth herein at length.

110.     The Contract was a valid and existing contract between ExxonMobil and Plaintiff.

111.    Aldridge is informed and believes, and on that basis alleges, that Defendants under

this cause of action had knowledge or should have had knowledge of Aldridge's

aomplyment with Exxonmobil yet still proceeded to induce a breach of the employ,ent

contract by ExxonMobil and/or otherwise disrupted the Contract through improper

means.

112.    As a result of Defendants' conduct, Plaintiff Aldridge has suffered general, special, actual and compensatory damages, in an amount to be proven at trial for all of which Glenn Richard and DOES 1 through DOES 20 are liable.

113.    As a direct result of the actions of Defendants, the contractual relationship between ExxonMobil and Plaintiff has been disrupted.

114.    Plaintiff has suffered actual and potential damages in an amount as yet unknown but which Plaintiff believes to be in excess of $1,000,000.00. Plaintiff shall amend his complaint to set forth the right amount of damages when ascertained.

115.    The acts by Defendants were willful, wanton, malicious, and oppressive, and were undertaken with the intent to injure Aldridge, and for the profit and gain of Defendants Glenn Richard and DOES 1 through DOES 20.

116.    Such conduct therefore justifies an award of exemplary and punitive damages to the full extent permitted by Louisiana Law and in an amount to be proven at trial.

**SIXTH DEMAND CLAIM FOR RELIEF**
(Against All Defendants)
**INTERFERENCE WITH BUSINESS RELATIONS**

117.    Plaintiff adopts, alleges and affirms all allegations and averments contained in the above and forgoing paragraphs of this Complaint, especially the allegations contained in paragraphs 1 through 116.

118.    By the conduct described herein and above, Defendants ExxonMobil, Glenn Richard and DOES 1 through DOES 20 have intentionally, maliciously and wantonly interfered with the existing and prospective business relations of Plaintiff Aldridge.

119.    Specifically, Defendants caused Plaintiff Aldridge to lose employment opportunities with other employers in the Chemical Industry.

120.    As a result of Defendants' conduct, Aldridge suffered and continue to suffer general, special, actual and compensatory damages, in an amount to be proven at trial and for all of which Defendants ExxonMobil, Glenn Richard and DOES 1 through DOES 20 are liable.

121.    Plaintiff has an advantageous business relationship with ExxonMobil as well as prospective advantageous relationship with other potential employers in his industry.

122.    Defendants Glenn Richard and DOES 1 through DOES 20 were aware of this advantageous business relationship with ExxonMobil and other employers interested in hiring Aldridge.  The Defendants were aware of other advantageous prospective relationships that Plaintiff has outside of ExxonMobil but, despite this knowledge, engaged in the conduct alleged herein.

123.    Defendants undertook the alleged conduct for improper purposes, including but not limited to, suppressing Plaintiff and inflicting an economic injury on Plaintiff.

124.    As a result of the conduct alleged herein; Plaintiff has suffered damages in an amount to be proven at trial.

125.    The conduct of Defendants as alleged herein was undertaken in bad faith, was malicious and manifested wanton disregard of and reckless indifference towards the rights of Plaintiff, thereby entitling Plaintiff to punitive or exemplary damages.

126.    Such conduct therefore justifies an award of exemplary and punitive damages to the full extent permitted by Louisiana Law and in an amount to be proven at trial.

**SIXTH CLAIM FOR RELIEF**
(Glenn Richard and DOES 1 through DOES 20)
**INTENTIONAL INTERFERENCE WITH CONTRACT**

127.    Aldridge adopts, alleges and affirms all allegations and averments contained in the

above and forgoing paragraphs of this Complaint.

128.    By the conduct described herein and above, Defendant ExxonMobil, Glenn Richard

and DOES 1 through DOES 20 intentionally, maliciously, recklessly and/or wantonly

interfered with the Contract as described above.

129.    As a result of Defendants' conduct, Aldridge has suffered and continue to suffer

general, special, actual and compensatory damages, for all of which Defendants Glenn

Richard and DOES 1 through DOES 20 are liable.

130.    Such conduct therefore justifies an award of exemplary and punitive damages to

the full extent permitted by Louisiana Law and in an amount to be proven at trial.

**SEVENTH CLAIM FOR RELIEF**
(Against ExxonMobil, Glenn Richard and DOES 1 through DOES 20)
**UNFAIR BUSINESS PRACTICES**

131.    Plaintiff adopts, alleges and affirms all allegations and averments contained in the

above and forgoing paragraphs of this Complaint, especially the allegations contained

in paragraphs 1 through 130, as if fully restated herein.

132.    Defendants committed unfair competition and deceptive trade practices in violation

of Louisiana Law which proximately caused harm and damage to Plaintiff.

133.    As a result of Defendants' conduct, Plaintiff has suffered damages in an amount to

be proven at trial.

134.    Defendants' conduct was undertaken in bad faith, was malicious and manifested a wanton disregard of and reckless indifference toward the rights of Plaintiff thereby entitling Plaintiff to punitive or exemplary damages.

135.    The wrongful conduct by the Defendants and their associates alleged above constitutes unfair business practices in violation of Plaintiff ' rights under Louisiana Law.

136.    By the conduct described herein and above, Defendants have intentionally maliciously and wantonly caused Plaintiff to expend time and money in seeking alternaive employment only to refuse to Defendants kill and possible chance of Plaintiff's hiring with their disparaging remaks.

137.    By the conduct described herein and above, Defendants ExxonMobil, Glenn Richard, and DOES 1 through DOES 20 have intentionally maliciously and wantonly commited unfair trade and business practices..

138.    By the conduct described herein and above, Unfair Business Practices Defendants have intentionally maliciously and wantonly interfered with the contract and business relations of Plaintiff and effectively rendered Plaintiff unemployable.

139.    Defendants' actions has caused Plaintiff harm and caused him to incur damages.

140.    Plaintiff is entitled to all relief, including monetary relief against Defendants, as may be authorized by law and awarded by the court.

**EIGHTH CLAIM FOR RELIEF**
(Against all Defendants)
**<u>CIVIL CONSPIRACY</u>**

141.    Aldridge adopts, alleges and affirms all allegations and averments contained in the above and forgoing paragraphs of this Complaint.

142.   Defendants ExxonMobil, Glenn Richard, Defendants DOES 1 through DOES 20 and their associates conspired and continue to conspire with each other and others against Aldridge as alleged herein and above including, but not limited to the following:

    a.   Inducing Breach of Contract

    b.   Interfering with Business Relations

    c.   Interfering with Contractual Relations

    d.   Depriving Aldridge of his contractual rights

    e.   Committing libel and slander and otherwise defaming Aldridge

    f.   Committing unfair trade and business practices violation

    g.   Breaching their duties of good faith and fair dealing,

    h.   Wrongfully terminating Aldridge, and

    i.   Otherwise interfering with Aldridge's business and contractual relations.

143.   As a result of Defendants' conduct, Aldridge suffered and continue to suffer general, special, actual and compensatory damages, in an amount to be proven at trial for all of which Defendants are jointly and severally liable.

144.   The action of each conspirator should be imputed to the other, and each and every one of them.

**NINTH CLAIM FOR RELIEF**
(Against All Defendants)
**NEGLIGENCE**

145.   Plaintiff hereby incorporates by reference all paragraphs of the General Allegations, and the allegations of all prior Causes of Action, as though fully set forth herein.

146.   Negligence Defendants herein, and each of them, had a duty of due care to Aldridge, as set forth herein above.

147.    Specifically, Negligence Defendants herein have encouraged ExxonMobil to breach his contract by encouraging and/or supporting his claim that the Contract had expired and/or was null and void.

148.    On belief and information, the Defendnats also have been negligent in their handling of various employment verification on Plaintiff in violation of both federal and louisiana law on same.

149.    In committing the acts herein alleged, the aforesaid Defendants, and each of them did so negligently, carelessly, and/or recklessly perform their duties, and should have known that ExxonMobil would violate the terms of the Contract, violate state and federal law and otherwise cause Plainfff to lose his chances of securing the employment in question.

150.    Defendanst also undertook their actons knowing that the said action would induce ExxonMobil and potential employers to breach duties to Aldridge.

151.    As a direct and proximate result of Negligence Defendants acts, and each of their conduct alleged above, Plaintiff has suffered and continue to suffer general and special damages in an amount to be determined according to proof at time of trial, which Plaintiff is informed and believe and thereon allege is in excess of the sum of $100,000.00.

152.    As a further direct and proximate result of Defendants, and each of their conduct alleged above, Plaintiff was required to expend their time and energy to gather facts, seeking and conferring with legal counsel, and filing a legal action to redress said Defendants' Negligence conduct, all to Plaintiff ' detriment in a sum to be proved at the time of trial.

153.    As a direct and proximate result of the conduct of Defendants, Plaintiff is required to retain legal counsel and incur legal costs and reasonable attorneys' fees, all to Plaintiff's detriment, in a sum to be proved at the time of trial.

154.    As a proximate result of the negligence of Defendants, and the Defendants' defamation of Plaintiff, Plaintiff Aldridge suffered loss of his reputation, shame, mortification, emotional distress, and injury to his feelings, in a sum according to proof at the time of trial.

155.    In doing the acts herein alleged, Defendants acted with fraud, malice, and oppression, entitling Plaintiff to punitive damages in an amount according to law.

**TENTH CLAIM FOR RELIEF**
(Against all Defendants)
**<u>TORTIOUS CONDUCT</u>**

156.    Plaintiff hereby incorporates by reference all paragraphs of the General Allegations, and the allegations of all prior Causes of Action, especially the Negligence Cause of Action allegations as though fully set forth herein.

157.    Defendants herein, and each of them, had a duty of due care to Aldridge, as set forth herein above.

158.    In committing the acts herein alleged, the aforesaid Defendants, and each of them did so negligently, carelessly, and/or recklessly perform their duties as outlined hereinabove.

159.    Defendants' actions hereinabove constitute tortious conduct in violation or Article 2315 of the Louisiana Civil Code.

160.    As a direct and proximate result of Defendants' acts, Tortious Conduct and each of their conduct alleged above, Plaintiff has suffered and continue to suffer general and

special damages in an amount to be determined according to proof at time of trial, which Plaintiff is informed and believe and thereon allege is in excess of the sum of $100,000.00.

161.    As a further direct and proximate result of Defendants, and each of their conduct alleged above, Plaintiff is required to expend his time and energy to gather facts, seeking and conferring with legal counsel, and filing a legal action to redress said Defendants' tortuous conduct, all to Plaintiff's detriment in a sum to be proved at the time of trial.

162.    As a direct and proximate result of the conduct of Defendants, Plaintiff may be required to retain legal counsel and incur legal costs and reasonable attorneys' fees, all to Plaintiff's detriment, in a sum to be proved at the time of trial.

163.    As a proximate result of the tortious conduct of Defendants, Plaintiff Aldridge suffered loss of his reputation, shame, mortification, emotional distress, and injury to his feelings, in a sum according to proof at the time of trial.

164.    In doing the acts herein alleged, Defendants acted with fraud, malice, and oppression, entitling Plaintiff to punitive damages in an amount according to law.

**ELEVENTH CLAIM FOR RELIEF**
(Against All Defendants)
<u>**PUNITIVE DAMAGES**</u>

165.    Plaintiff adopts, alleges and affirms all allegations and averments contained in the above and forgoing paragraphs of this Complaint.

166.    Defendants' conduct was intentional, grossly negligent, reckless, willful, and wanton malicious oppressive, and/or unmindful of their obligations to Aldridge and/or exhibited that entire want of care which would raise the presumption of conscious

indifference to consequences so as to warrant the imposition of punitive and/or liquidated damages in an amount sufficient to punish, penalize, and/or deter Defendants, for which Defendants are jointly and severally liable.

167.    Defendants acted capriciously and with wanton disregard for Plaintiff's rights.

168.    As a result, Plaintiff is entitled to punitive damages to the full extent provided by Louisiana Law.

**TWELFTH CLAIM FOR RELIEF**
(Against All Defendants)
**EXPENSES OF LITIGATION AND ATTORNEYS' FEES**

169.    Plaintiff adopts, alleges and affirms all allegations and averments contained in the above and forgoing paragraphs of this Complaint.

170.    ExxonMobil breached the terms of the Contract by repudiating it and has wronglfully terminated Aldridge and commited other acts of employment discrimination. Therefore, Plaintiff may recover the expenses of this litigation including, but not limited to, reasonable attorneys' fees and costs, for all of which Defendants are liable.

171.    Pursuant to Louisiana Law, Plaintiff also may recover attorney fees and expenses of litigation related to one or more of the other causes of action and for which Defendants are jointly and severally liable.

172.    Defendants' conduct has been in bad faith, stubbornly contentious and/or caused Plaintiff Aldridge unnecessary trouble and expense, and on account thereof, Plaintiff Aldridge is entitled to recover the expenses of this litigation including, but not limited to, attorneys' fees, for all of which Defendant are jointly and severally liable.

## TRIAL BY JURY

173.    Plaintiff demands trial by jury.

**WHEREFORE**, Plaintiff, Michael Aldridge, prays that Defendant, ExxonMobil, be duly cited to appear and answer this Petition; that Defendant, ExxonMobil, be served with a copy thereof and that, after the lapse of all legal delays and due proceedings had, there be judgment herein in favor of the Plaintiff, Michael Aldridge, and against Defendant, ExxonMobil, for pain and suffering, mental anguish, emotional distress, past, present, and future loss of enjoyment of life and pursuit of happiness, and reasonable attorney's fees and court costs incurred in connection with the litigation of this matter. Plaintiff further prays that he be granted any and all such further relief for which she is entitled under the law.

Plaintiff also prays that Defendants be cited and served with a copy of this Petition and that, after all legal delays and due proceedings are had, that there be judgment rendered in favor of the Plaintiff Michael Aldridge, and against Defendants ExxonMobil, Glenn Richard, and DOES 1 through DOES 20, individually and jointly and severally, as well as their insurers.

Plaintiff further prays that this court Direct Defendants to make Plaintiff whole for all earnings and benefits Plaintiff would have received but for Defendants' employment discrimination, breach of contract, inducement of breach and other the cause of action including, but not limited to, the expenses they incurred to furnish and improve The Property in reliance on the Contract and Defendants' promises.

Plaintiff further prays that this court award him general damages in amount to be proven at trial.

Plaintiff further prays that this court Award Plaintiff special damages in amount to be

proven at trial.

Plaintiff further prays that this court award compensatory damages in amount to be proven at trial.

Plaintiff further prays that this court Award him exemplary and punitive damages in an amount to be proven at trial.

Plaintiff further prays that this court Award Plaintiff the costs of this action together with reasonable attorney fees in an amount to be proven at trial, as provided for by law.

Plaintiff further prays that this court Award interest on all damages and attorneys' fees from the date of original judicial demand until paid for all damages that accrue as result of that Defendants acts, plus legal interest on all damages from the date of the original judicial demand until paid.

Plaintiff further prays that this court Grant such other and further legal and equitable relief as this court deems necessary and proper, and adjudges after a trial is had herein.

Respectfully submitted,
**LAW OFFICES OF PIUS A. OBIOHA &
ASSOCIATES, LLC**

PIUS A. OBIOHA, BAR# 25810
1550 North Broad Street
New Orleans, LA 70119
Telephone:    (504) 265-0437
Facsimile:    (504) 265-0440
pius@obiohalaw.com
*Attorney for Plaintiff*

**<u>PLEASE SERVE:</u>**

Exxon Mobil
*Through its Registered Agent:*
Christopher Hines
3811 North Galvez Street
New Orleans, LA 70117

Glenn Richard
C/O ExxonMobil
*Through its Registered Agent:*
Christopher Hines
3811 North Galvez Street
New Orleans, LA 70117