UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL ALDRIDGE                                          CIVIL ACTION

VERSUS                                                    NO. 24-2764

EXXONMOBIL ET AL.                                         SECTION: "J"(1)

### ORDER AND REASONS

Before the Court are a *Motion to Dismiss Third and Ninth Causes of Action* **(Rec. Doc. 22)**, filed by Defendant Glenn Richard, and an opposition filed by Plaintiff Michael Aldridge (Rec. Doc. 23). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

This litigation arises out of ExxonMobil's termination of Plaintiff's employment. Although specific details are left unstated in the Complaint, Plaintiff worked for ExxonMobil, which also employed Defendant Glenn Richard in a supervisory capacity. (Rec. Doc. 1 at 6 ¶ 17 ("Defendant Glenn Richard was and is an employee, manager, officer, and/or director of Defendant Exxon Mobil.")). Plaintiff alleges he was wrongfully terminated after facing unequal treatment and being denied promotion by Defendants. Plaintiff, an African American, states his discriminatory treatment was based on his race. Further, Plaintiff contends, Richard along with others prevented him from securing subsequent employment in the

1

chemical industry by "making false private and public accusations that Plaintiff Aldridge was incompetent, habitually created unsafe work conditions, and was not a good employee." *Id.* at 6 ¶ 19. After obtaining a right-to-sue letter, Plaintiff filed this action, raising thirteen causes of action.[1]

Richard now moves for dismissal of two claims against him: Claim 3 breach of duty of good faith and fair dealing, and Claim 9 civil conspiracy. Plaintiff opposes.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must

---

[1] Plaintiff mistakenly labels two claims his "Sixth Claim for Relief", but raises thirteen claims:
  (1) Employment discrimination against ExxonMobil,
  (2) Breach of contract against ExxonMobil,
  (3) Breach of duty of good faith and fair dealing against ExxonMobil and Richard,
  (4) Libel and slander against all Defendants,
  (5) Inducing breach of contract against Richard and unnamed individuals,
  (6) Interference with business relations against all Defendants,
  (7) Intentional interference with contract against Richard and unnamed individuals,
  (8) Unfair business practices against all Defendants,
  (9) Civil conspiracy against all Defendants,
  (10) Negligence against all Defendants,
  (11) Tortious conduct against all Defendants,
  (12) Punitive damages against all Defendants, and
  (13) Expenses of litigation and attorneys' fees against all Defendants.

accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## DISCUSSION

Defendant Glenn Richard seeks to dismissal two of the eleven causes of action made against him in Plaintiff's thirteen-claim Complaint. Plaintiff's speculative opposition provides no ground for either. Both the breach of duty of good faith and fair dealing and the civil conspiracy claims against Richard must be dismissed.

First, Plaintiff cannot raise a claim of Richard's breach of duty of good faith and fair dealing in Plaintiff's employment contract because Richard's was not Plaintiff's employer. Under Louisiana law, a breach of good faith and fair dealing is based on an underlying breach of contract. As the Fifth Circuit expressed plainly, "Breach of contract is a condition precedent to recovery for the breach of the duty of good faith[.]" *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 363 (5th Cir. 2010) (citing *Clausen v. Fidelity and Deposit Co. of Maryland*, 660 So. 2d 83, 85–86 (La. App. 1st Cir. 1995)). Plaintiff does not contend that Richard was his employer nor does he raise an action for breach of contract against Richard. (Rec. Doc. 1 at 12–14 ¶¶ 57–76). "In the absence of a contractual obligation, the duty of good faith does not exist." *Smith v. Citadel Ins. Co.*, 2019-00052 (La. 10/22/19), 285 So. 3d 1062, 1069 (citing La. Civ. Code arts. 1759, 1983). Plaintiff's newfound and factually unsupported argument that

Richard acted "ultra vires" to cause a breach of good faith dealing is conclusory and, more significantly, wholly inapposite. Plaintiff fails to state a claim for the breach of duty of good faith and fair dealing as to Richard.

Second, and similarly, Plaintiff's claim of the civil conspiracy against Richard also fails. Plaintiff admits, as a general rule, an employer cannot conspire with its employees: "In Louisiana, employees generally cannot conspire with their employers due to the legal concept of the 'intracorporate conspiracy doctrine'." (Rec. Doc. 23 at 4). In his opposition, Plaintiff places his conspiracy claim under the umbrella of 42 U.S.C. § 1981, which prohibits racial discrimination in the making and enforcement of contracts. An allegation of conspiracy to violate a constitutional right, however, must be made pursuant to 42 U.S.C. § 1985. References to both § 1981 and § 1985, moreover, are absent in Plaintiff's Complaint. Instead, Plaintiff alleges in his pleading a collection of state-law claims that Richard and ExxonMobil conspired to violate. Whether these claims are brought pursuant to state or federal law is not a mere academic exercise. *See Currier v. Entergy Servs., Inc.*, No. 11-2208, 2014 WL 4450360, at *3–4 (E.D. La. Sept. 10, 2014) (Feldman, J.) (collecting cases to show the unsettled state of Louisiana law intracorporate conspiracy doctrine); *but see Khoobehi Props., LLC v. Baronne Dev. No. 2, L.L.C.*, 16-506 (La. App. 5 Cir. 3/29/17), 216 So. 3d 287, 299, *writ denied*, 2017-0893 (La. 9/29/17), 227 So. 3d 288 (holding that, under La. Civ. Code art. 2324, a civil conspiracy cannot exist between a business entity and its employee alone). Nonetheless, the Court accepts Plaintiff's clarifying concession that a civil conspiracy between Richard and ExxonMobil cannot exist without an

exception to the intracorporate conspiracy doctrine.

Plaintiff fails to state such an exception. Citing a Fourth Circuit case, Plaintiff contends Richard's actions could be construed as performed for his personal gain:

> If an employee acts outside the scope of their employment, particularly if they act for personal gain rather than in furtherance of the company's objectives, they might not be protected by this doctrine and could potentially be found liable for conspiracy with their employer. Plaintiff posits that Richards [sic] acted ultra vires in part or whole in this matter by calling him racist names and causing him to be fired.

(Rec. Doc. 23 at 5 (emphasis omitted) (citing *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342 (4th Cir. 2013)). Plaintiff, however, mischaracterizes the holding in this persuasive authority from the Fourth Circuit. Rather than finding an allegation of racial animus sufficient for a showing of an employee's independent and personal stake in the action, the *Painter's Mill Grille* court cautioned against the application. Such an argument, the court reasoned, "would render the intracorporate conspiracy doctrine meaningless in the context of § 1985(3) claims because every claim under that statute depends on a showing that the conspirators shared an invidiously discriminatory motivation." *Id.* at 353 (quotation omitted, cleaned up). Instead, the court allowed, the intracorporate conspiracy doctrine "probably would not apply where corporate employees are shown to have been motivated *solely* by personal bias because in that case, the interests of the corporation would have played no part in the employees' collective action, so the action could not have been taken within the scope of employment." *Id.* (quotation omitted, citation cleaned up, emphasis in original).

Plaintiff's conclusory allegations fail to provide any factual support to

Richard's independently pursuing his own racist ends in the termination of Plaintiff's employment. At most, Plaintiff states: "It is for his ultra vires acts that Richard is sued personally." (Rec. Doc. 23 at 5). Such a conclusory allegation "will not suffice to prevent a motion to dismiss." *Beavers*, 566 F.3d at 439. As the conspiracy claim as to Richard fails, the conspiracy claim itself must be dismissed.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Dismiss Third and Ninth Causes of Action* **(Rec. Doc. 22)** is **GRANTED**.

New Orleans, Louisiana, this 10th day of July, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

6